

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-3309
Re: Relative to the stamp tax
on deed of trust executed
by Honolulu Oil Corporation.

We have your letter of March 20, 1941, to which
is attached copy of a deed of trust executed by Honolulu
Oil Corporation. You quote from a letter written to you
by the Corporation showing the pertinent facts, as follows:

"'The situation is as follows: At the time
the Deed of Trust was recorded, there was no
obligation secured thereby, for the reason that
no obligation to pay comes into existence until
after a Well is completed by Livermore. The
total obligation at all times is set out in
the Certificates of Contingent Indebtedness.
Series 'A' and Series 'B' as provided in the
Deed of Trust. However, at the time the Deed
of Trust was recorded, eight Wells were being
drilled and in order to be on the safe side,
we estimated the cost of said eight Wells at
the amount of $29,800 per Well or $238,400 for
the eight Wells. After deducting for the first
$200.00 as provided in the statute, we purchased
and attached to the Deed of Trust when filed,
Note Stamps in the amount of $238.20 to cover
the estimated cost of the first eight Wells. To
date, only four of said Wells have been com-
pleted and have had Certificates issued there-
on. In the future, after the Indebtedness se-
cured by the Deed of Trust passes the amount of
$238,400, and at regular intervals thereafter,
we propose to file an Affidavit similar to the
one which is enclosed, herewith, setting out

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the pertinent facts and attaching to the Affidavit
Note Stamps in an amount sufficient when figured
with the Note Stamps attached to the Deed of Trust
and the previously filed Affidavits to comply
with the requirements of the Statute as to a se-
cured obligation in the amount of the principal
Indebtedness as of that date.'"

A copy of the affidavit mentioned in the quotation
follows:

"THE STATE OF TEXAS,

COUNTY OF MIDLAND.

"Before me, the undersigned authority, on
this day personally appeared F. D. Grant, who
being duly sworn on oath, says:

"That he is the Chief Clerk for Honolulu
Oil Corporation, and is duly authorized and quali-
fied to make this Affidavit and knows of his own
knowledge the facts herein set out. That he is
familiar with the terms and provisions of a cer-
tain Deed of Trust between Honolulu Oil Corpora-
tion, First Party, and the Continental National
Bank of Fort Worth, Trustee, and Geo. P. Liver-
more, Inc., and Mid-Continent Supply Co., Bene-
ficiaries, dated December 16, 1940, recorded in
Book 27, Page 196, Deed of Trust Records, Hockley
County, Texas, and Book 9, Page 486, Deed of
Trust Records, Cochran County, Texas, and Book
24, Page 210, Deed of Trust Records, Terry Coun-
ty, Texas. That as of the date hereof, Series
'A' Certificates and Series 'B' Certificates
have been issued under the terms of said Deed
of Trust, aggregating in principal amount _____
Dollars ($_____). That this Affidavit is
being made to set out the amount of Indebtedness
now secured by said Deed of Trust for the purpose
of payment of Note Stamp Taxes as provided in
Article 7047e of Texas Revised Civil Statutes
(1925). That there have been purchased and af-
fixed to this Affidavit Note Stamps in the amount

Honorable Charley Lockhart, Page 3

Stamps when aggregated with Note Stamps previous-
ly purchased and affixed to the original Deed of
Trust or to previously filed Affidavits of this
nature, total _____Dollars ($_____) in Note
Stamps purchased as Taxes on the secured obliga-
tion above described.

"
_____
F. D. Grant, Chief Clerk,
Honolulu Oil Corporation.

"Subscribed and sworn to, before, me, by the
said F. D. Grant, this ____ day of _____, 19____,
to certify which, witness my hand and seal of
office.

"
_____
Notary Public in and for
Midland County, Texas."

You request our opinion as to whether the pro-
cedure which the Corporation proposed to follow is a proper
one.

A tax of ten cents on each $100.00 or fraction
thereof, over the first $200.00, of the amount secured by
deeds of trust and other named instruments, is levied by
Article 7047e, Vernon's Annotated Civil Statutes. In said
Act is found the following provision:

"If the amount secured by an instrument
is not expressed therein, or if any part of the
security described in any such instrument ap-
pears to be located without the State of Texas,
the County Clerk shall require proof by written
affidavits of such facts as may be necessary to
determine the amount of the tax due."

Since the amount secured is not stated in the
face of the deed of trust it presents a proper case for
the County Clerk to require the affidavits suggested in
the quoted provision of the statute. Furthermore, since
the amount was uncertain at the time the deed of trust was
originally filed, it could not then be shown by affidavit
or otherwise. As the amount becomes definite from time to
time we think it quite proper for such fact to be shown in

Honorable Charley Lockhart, Page 4

the manner proposed and stamps affixed accordingly. We would suggest, however, that the affidavit be acknowledged and then recorded in the deed of trust records.

APPROVED APR 16, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:LM

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

